UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
                                          :
                                          :
                                          :        CASE NO. 1:09-CV-1764
MONIR SHAHID,                             :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  :        OPINION & ORDER
                                          :        [Resolving Doc. No. 10]
BP AMERICA, *et al.*,                     :
                                          :
            Defendants.                   :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      The Defendant has moved for summary judgment in this personal injury action brought by

Monir Shahid. [Doc. 10.]  Plaintiff Shahid has not responded to the Defendant's motion.  For the

following reasons, the Court **GRANTS** the Defendant's summary judgment motion.

      The Plaintiff brought this state tort action against Defendant BP Products North America Inc.,

and  five unnamed individuals following his injury at a BP gas station in Cleveland, Ohio.  In the

early morning hours of July 1, 2007, Plaintiff Shahid went to the BP station to put gas in his car.

[Doc. 10-2 at 3.]  Upon arrival, the Plaintiff learned that a female employee had locked herself out

of the employee-only section of the station. [*Id.*]

      After speaking with the employee, the Plaintiff accompanied her to the unlocked

"convenience store" area.  [*Id.*]  At some point, the employee asked Shahid to climb up into the

station's drop ceiling on the convenience store side and shimmy over and down into the employee-

-1-

Case No. 1:09-CV-1764
Gwin, J.

only area. [*Id.*]  When Shahid attempted this maneuver, however, the ceiling collapsed and he fell, injuring himself. [*Id.*]

On July 6, 2009, the Plaintiff filed a tort action against Defendant BP in the Cuyahoga County Court of Common Pleas. [Doc. 1-1.]  The Defendant removed the case to this Court on July 29, 2009. [Doc. 1.]  After the close of dispositive discovery, the Defendant moved for summary judgment on all of the Plaintiff's claims. [Doc. 10.]  Although Plaintiff Shahid's response was due December 28, 2009, he has failed to file any response to date.

Once a defendant moving for summary judgment satisfies its initial burden of showing the absence of a genuine factual issue on an essential element of the plaintiff's claim, the burden shifts to the nonmoving plaintiff to set forth specific facts showing a triable issue.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  Under Rule 56, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."  Fed. R. Civ. P. 56(e)(2).  Here, by failing to respond to the Defendant's summary judgment motion, the Plaintiff has failed to meet his burden of pointing to specific facts showing a genuine factual issue.

In any event, after conducting its own review of the record in the light most favorable to the Plaintiff, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970), the Court concludes that the Plaintiff's claims fail as a matter of law.

To establish negligence, a plaintiff must prove the existence of a duty, a breach of the duty,

Case No. 1:09-CV-1764
Gwin, J.

and an injury proximately resulting from that breach. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 693 N.E.2d 271, 274 (Ohio 1998). Moreover, "the existence of a duty in a negligence action is a question of law for the court to determine." *Mussivand v. David*, 544 N.E.2d 265, 270 (Ohio 1989).

Although business owners have a duty to warn business invitees of some risks, they are under no duty to protect invitees from hazardous conditions that are open and obvious. *Sidle v. Humphrey*, 233 N.E.2d 589, 591 (Ohio 1968). Because the hazard is readily apparent to the reasonable invitee, "the owner . . . may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Armstrong v. Best Buy Co., Inc.*, 788 N.E.2d 1088, 1089 (Ohio 2003). Thus, when applicable, the open-and-obvious doctrine obviates the owner's duty to warn and acts as a complete bar to any negligence claims. *Id.* at 1090.

In this case, the open-and-obvious doctrine bars the Plaintiff's negligence claims against the Defendant. Shahid, of his own volition, decided to climb into the drop-ceiling roof above the convenience store floor. [Doc. 10-2 at 3.] A reasonable person would have understood that a drop ceiling presents an open and obvious risk of injury to those who would climb into and onto it for support. *Cf. Prest v. Delta Delta Delta Sorority*, 686 N.E.2d 293 (Ohio Ct. App. 1996) (holding that edge of sorority house roof was open-and-obvious danger that reasonable person should discern); *Anderson v. Ruoff*, 654 N.E.2d 449 (Ohio Ct. App. 1995) (finding that unguarded edge of hayloft was open-and-obvious hazard); *see also Maras v. Goodyear Tire & Rubber Co.*, No. 69471, 1996 WL 273794 (Ohio Ct. App. 1996) (affirming summary judgment for defendant where plaintiff was injured "as a result of a conscious decision on his part to attempt to hang-drop from the roof down to the ground, despite the open and obvious nature of the dangers involved").

-3-

Case No. 1:09-CV-1764
Gwin, J.

Thus, because the hazard in this case was open-and-obvious, the Defendant had no duty to warn Plaintiff Shahid of the potential for injury.  Accordingly, the Plaintiff's negligence claims fail as a matter of law.[1]

For the foregoing reasons, the Court **GRANTS** the Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated: January 7, 2010                              s/        *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[1]For similar reasons, the doctrine of primary assumption of the risk would also bar the Plaintiff's negligence claims. *See Gallagher v. Cleveland Browns Football Co.*, 659 N.E.2d. 1232, 1236 (Ohio 1996) (noting that primary assumption of risk prevents plaintiff from establishing duty element of negligence claim and entitles defendant to judgment as a matter of law); *see also Siglow v. Smart*, 539 N.E.2d 636, 640 (Ohio Ct. App. 1987) ("A plaintiff who reasonably chooses to proceed in the face of a know risk is deemed to have relieved defendant of any duty to protect him.")